## Before the Second Division, March 23, 1950

**No. 54139.**—Austin & Company *v.* United States, protest 130863–K (Tampa).

Lawrence, Judge: A mast, boom, and sail of a sailboat, which sailboat had been previously imported, are claimed by plaintiff to be a short shipment and consequently should be classified for duty as though they were imported as integral parts of the boat.

The previously imported sailboat had been assessed with duty at 15 per centum ad valorem pursuant to the provisions of paragraph 370 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 370), as modified by the trade agreement entered into between the United States and Canada, effective January 1, 1939 (74 Treas. Dec. 235, T. D. 49752).

It should be noted that whereas paragraph 370 of the Tariff Act of 1930 provides for—

Airplanes, hydroplanes, *motor boats, and parts of the foregoing*, 30 per centum ad valorem. The term "motor boats," when used in this Act, includes a yacht or pleasure boat, regardless of length or tonnage, whether sail, steam, or motor propelled * * *. [Italics supplied.]

said paragraph, as modified by the trade agreement, *supra*, while granting a reduction in duty for motorboats, among other articles, makes no concession with regard to "parts of the foregoing." Therefore, the provision for "parts" in the original act is operative.

Even though it be true as indicated by the record that the mast, boom, and sail were designed for exclusive use on the boat previously imported, it is perhaps unfortunate for plaintiff that they did not accompany the boat.

In the circumstances, therefore, the case would seem to be governed by the decision of the Supreme Court of the United States in *United States* v. *Schoverling,*

146 U. S. 76. In that case, certain gunstocks were imported which were intended to be joined with gun barrels to be brought into this country at a later time. Nevertheless, the collector of customs classified them for duty as guns. The Supreme Court, however, held that this classification was erroneous and that the gunstocks were dutiable as imported. See also *University of Chicago* v. *United States,* 2 Cust. Ct. 358, C. D. 159, and cases therein cited. In the *University of Chicago* case, *supra,* the plaintiff successfully contended that a certain carillon which was shipped on four different vessels was not an entirety and that each shipment should be treated for tariff purposes as parts of a carillon.

It is observed that although plaintiff in the present case requested time to file a brief, none was filed by it herein.

Upon a full consideration of the facts in this case and the authorities referred to above, we hold that the mast, boom, and sail covered by this protest were properly classified by the collector of customs as parts of a sailboat in paragraph 370 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 370) and appropriate duty was assessed thereon at the rate of 30 per centum ad valorem.

The claim of the plaintiff is overruled, and the decision of the collector is affirmed.

Judgment will issue accordingly.